*E-FILED 02-08-2011*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IRMA CARRANZA; ROSENDO CARRANZA,<br><br>    Plaintiffs,<br><br>      v.<br><br>AMERICAN PREMIER FUNDING, INC.;<br>EWV ENTERPRISES, INC.; BANKUNITED,<br>AS ALLEGED SUCCESSOR IN INTEREST<br>TO BANKUNITED FSB; MORTGAGE<br>ELECTRONIC REGISTRATION SYSTEMS,<br>INC.; ROBERT E. WEISS INCORPORATED;<br>DOES 1-30,<br><br>    Defendants. | No. C10-04356 HRL<br><br>**ORDER TO SHOW CAUSE RE<br>SUBJECT MATTER JURISDICTION** |

Defendants BankUnited and Mortgage Electronic Registration Systems, Inc. removed this matter from Santa Clara County Superior Court, asserting two bases for federal jurisdiction.

Defendants contend that plaintiffs have asserted claims under the Truth in Lending Act (TILA), 15 U.S.C. § 1601, *et seq*. and the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. § 2601, *et seq*. "As a general rule, the presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Arco Environmental Remediation, LLC v. Dep't of Health & Environmental Quality of the State of Montana*, 213 F.3d 1108, 1113 (9th Cir. 2000) (internal

quotations omitted). Here, plaintiffs' complaint, on its face, does not state a claim that arises under federal law. Rather, all asserted claims for relief are based on state law. The complaint does mention TILA and does say that defendants violated RESPA. But those references to TILA and RESPA do not mean that federal law creates the claims under which plaintiffs sue. *Id*. Plaintiffs may not defeat removal by omitting to plead necessary federal questions in a complaint. *Id*. at 1114. Nevertheless, it appears to this court that plaintiffs have simply chosen to challenge defendants' alleged conduct under California law, notwithstanding that the alleged misdeeds might also violate federal laws.

As an alternate basis for federal jurisdiction, defendants assert that federal question jurisdiction exists because "the claims alleged by Plaintiffs against BANKUNITED implicate the Financial Institutions Reform, Recovery and Enforcement Act ('FIRREA') in that Plaintiffs seek by their complaint to recover from Defendant BANKUNITED, as a successor to 'BankUnited FSB,' a federally chartered savings bank placed in receivership with FDIC by the Office of Thrift Supervision on May 21, 2009, which claims are governed by 12 U.S.C. § 1821(d)." (Docket No. 1, Notice of Removal at 2). FIRREA section 1821(d), as this court understands it, essentially sets out various rights and powers of the FDIC in its capacity as conservator or receiver, including the FDIC's ability to remove a case to federal court. 12 U.S.C. § 1821(d)(13)(B); *Bullion Services, Inc. v. Valley State Bank*, 50 F.3d 705, 709 (9th Cir. 1995). In general, a case to which the FDIC "is a party shall be deemed to arise under the laws of the United States." 12 U.S.C. § 1819(2)(A). There is nothing in the record before the court, however, indicating that the FDIC ever was a party to this action. How do plaintiffs' claims, which reportedly "implicate" FIRREA, confer federal subject matter jurisdiction—particularly when the FDIC has never been a party to this action and defendants apparently intended to move to dismiss plaintiffs' claims for *lack* of subject matter jurisdiction? (*See* Docket No. 18, Ex. 1).

Morever, the record presented suggests that the FDIC has divested its interest in the subject property (i.e., by liquidating the assets of the failed bank and selling them to defendant BankUnited). (*See* Docket No. 18, Ex. 1 at 9). Do defendants contend that the FDIC's former

1 presence is a basis for subject matter jurisdiction? If so, what authority is there for that
2 proposition?
3     Defendants shall file a letter brief in response to this order to show cause, with citations
4 to cogent authority, clarifying (1) the basis for this court's jurisdiction over this matter and (2)
5 the propriety of the removal of this action here. Defendants' response shall not exceed five
6 pages. Per defense counsel's request, defendants shall have until February 28, 2011 to file their
7 show cause response.
8     Defendants' fees motion and plaintiffs' motion re costs will be taken under submission
9 pending resolution of these jurisdictional issues.
10     SO ORDERED.
11 Dated:   February 8, 2011



HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

3

5:10-cv-04356-HRL Notice has been electronically mailed to:

Christopher Michael Salaysay    salaysaylaw@aol.com

Cris A Klingerman    cklingerman@rewlaw.com

Harold Louis Collins    hcollins@rewlaw.com

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.

5:10-cv-04356-HRL Notice has mailed to:

Irma Carranza
2830 Vista del Valle
Morgan Hill, CA 95037

Rosendo Carranza
2830 Vista del Valle
Morgan Hill, CA 95037

      Pro Se Plaintiffs

4