*E-FILED 09-26-2011*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IRMA CARRANZA; ROSENDO CARRANZA,<br><br>    Plaintiffs,<br><br>  v.<br><br>AMERICAN PREMIER FUNDING, INC.;<br>EWV ENTERPRISES, INC.; BANKUNITED,<br>AS ALLEGED SUCCESSOR IN INTEREST<br>TO BANKUNITED FSB; MORTGAGE<br>ELECTRONIC REGISTRATION SYSTEMS,<br>INC.; ROBERT E. WEISS INCORPORATED;<br>DOES 1-30,<br><br>    Defendants.<br>_____/ | No. C10-04356 HRL<br><br>**ORDER REMANDING CASE** |

Plaintiffs filed the instant action in Santa Clara County Superior Court, asserting fourteen state law claims for relief[1] arising out of the refinancing of their home mortgage. Defendants BankUnited and Mortgage Electronic Registration Systems, Inc. (MERS) removed the matter here, asserting federal question jurisdiction based on three federal statutes: (1) the Truth in Lending Act (TILA), 15 U.S.C. § 1601, et seq.; (2) the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. § 2601, et seq.; and (3) the Financial Institutions Reform,

---

[1] The asserted claims are: (1) Cancellation of Voidable Contract; (2) Civil Conspiracy; (3) Aiding and Abetting; (4) Negligent Supervision; (5) Agency; (6) Wrongful Foreclosure; (7) Actual Fraud; (8) Rescission; (9) Unfair Business Practices; (10) Breach of Fiduciary Duty; (11) Declaratory Relief; (12) Cancellation of Instruments; (13) Quiet Title; and (14) Injunctive Relief.

Recovery and Enforcement Act of 1989 (FIRREA), 12 U.S.C. § 1821.  Diversity jurisdiction was not asserted.

A few weeks after removal, plaintiffs voluntarily dismissed the entire action with prejudice as to all defendants.  (Docket No. 8).  Nevertheless, there remain lingering disputes over defendants' claim for fees and costs.  Specifically, BankUnited argues that it is the "prevailing party" entitled to an award of its attorney's fees.  For their part, plaintiffs request that the court deny the removing defendants' bill of costs for the $350.00 filing fee incurred upon removal of this action.

Meanwhile, this court issued an Order to Show Cause, directing the removing defendants to submit additional briefing as to the basis for federal jurisdiction.

After submission of briefs on the fees/costs motions and the jurisdictional issues, this court was informed that plaintiff Rosendo Carranza filed for bankruptcy.  Because the only remaining issue is whether plaintiffs ought to pay defendants' fees and costs, defendants believed that the automatic stay under 11 U.S.C. § 362 applied.  Defendants have since advised, and plaintiffs do not dispute, that the bankruptcy matter has been dismissed and that the automatic stay has expired.  (Docket No. 53).

Having reviewed defendants' show cause response re federal jurisdiction, and for the reasons stated below, this court concludes that it lacks subject matter jurisdiction over this action and that this matter improvidently was removed from the state court.[2]

A.   Alleged Jurisdiction under TILA and RESPA

Although all of plaintiffs' asserted claims for relief are based on California state law, defendants argue that the claims are artfully pled ones arising under TILA and RESPA.  Here, defendants point out that the complaint generally alleges violations of TILA and RESPA in several places.  Additionally, defendants argue that the alleged TILA and RESPA violations are necessary elements of plaintiffs' state law claims for relief.  In sum, defendants contend that this

---

[2] Plaintiffs and the removing defendants have expressly consented that all proceedings in this matter may be heard and finally adjudicated by the undersigned.  28 U.S.C. § 636(c); FED. R. CIV. P. 73.  The other defendants either have not been served or have taken no active role here.  And, as discussed above, plaintiffs voluntarily dismissed their claims as to all defendants at the outset of these proceedings.

2

court has jurisdiction because plaintiffs' state law claims depend on a substantial question of federal law. This court disagrees.

"As a general rule, '[t]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" Arco Environmental Remediation, LLC v. Dep't of Health & Environmental Quality of the State of Montana, 213 F.3d 1108, 1113 (9th Cir. 2000) (quoting Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 96 L.Ed.2d 318 (1987)). "As the master of the complaint, a plaintiff may defeat removal by choosing not to plead independent federal claims." Id. at 1114.

"However, under the artful pleading rule, 'a plaintiff may not defeat removal by omitting to plead necessary federal questions in a complaint.'" Id. at 1114 (quoting Franchise Tax Bd. of California v. Construction Laborers Vacation Trust for S. California, 463 U.S. 1, 22, 103 S. Ct. 2841, 77 L.Ed.2d 420 (1983)). Thus, a state law claim for relief may be deemed to arise under federal law where (1) federal law completely preempts state law; (2) the claim is necessarily federal in character; or (3) the right to relief depends on the resolution of a substantial, disputed federal question. Id. The artful pleading rule is, however, limited in scope "for it is 'long-settled . . . that the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction.'" Wise v. Suntrust Mortgage, Inc., No. C11-01360LHK, 2011 WL 1466153 *2 (N.D. Cal., Apr. 18, 2011) (quoting Merrell Dow Pharmaceuticals, Inc. v. Thompson, 478 U.S. 804, 813, 106 S. Ct. 3229, 92 L.Ed.2d 650 (1986)). Moreover, "the 'mere need to apply federal law in a state-law claim' does not 'suffice to open the arising under door' to federal jurisdiction." Id. (quoting Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 313, 125 S. Ct. 2363, 162 L.Ed.2d 257 (2005)).

The Carranzas' complaint generally alleges that defendants failed to make disclosures required by TILA and failed to respond to a Qualified Written Request as required by RESPA. The mere fact that the complaint references federal law, however, does not convert plaintiffs'

3

state law claims into federal ones. See, e.g., Easton v. Crossland Mortgage Corp., 114 F.3d 979, 982 (9th Cir. 1997) (finding no federal jurisdiction where the complaint alleged violations of Title VII and the federal Constitution, but asserted only state law claims for relief); Rains v. Criterion Sys., Inc., 80 F.3d 339, 344 (9th Cir. 1996) (concluding that references to Title VII did not convert plaintiffs' state law claims into federal claims for relief). Defendants have not convincingly shown that resolution of plaintiffs' state law claims necessarily depends upon resolution of a substantial federal question. See, e.g. Wise, 2001 WL 1466153 at *3 (concluding that resolution of plaintiff's state law claims for fraud, concealment, wrongful foreclosure, and violations of California Business and Professions Code § 17200 would not require the state court to resolve federal questions under TILA, RESPA, or the Equal Credit Opportunity Act, 15 U.S.C. § 1691); Gaspar v. Wachovia Bank, No. C10-03597SBA, 2010 WL 4314884 *2 (N.D. Cal., Oct. 26, 2010) (concluding that, even where some of plaintiff's state law claims were premised on alleged TILA violations, the inclusion of such allegations did not support federal question jurisdiction); Minker v. Washington Mutual Bank, N.A., No. C09-1900-PHX-GMS, 2010 WL 376964 *2 (D. Ariz., Jan. 25, 2010) (concluding that an allegation that defendant violated RESPA by failing to respond to a QWR did not convert plaintiff's state law claim for concealment to a federal claim for relief).

Accordingly, this court reaffirms the view, stated in its Order to Show Cause, that plaintiffs apparently chose to challenge defendants' alleged conduct under California law, notwithstanding that the alleged misdeeds might also violate federal laws. Defendants have failed to convince that federal jurisdiction arises under either TILA or RESPA.

B.   Alleged Jurisdiction under FIRREA

On May 21, 2009, the Office of Thrift Supervision (OTS) closed BankUnited FSB (Old Bank) and placed it in receivership with the Federal Deposit Insurance Corporation (FDIC). That same day, OTS chartered defendant BankUnited, and the FDIC transferred Old Bank's assets (including the Carranzas' loan) to BankUnited. Defendants' removal notice essentially asserts that, by virtue of the FDIC's prior appointment as receiver of Old Bank, the

4

administrative exhaustion requirements of FIRREA, 12 U.S.C. § 1821(d), apply to the Carranzas' claims, and federal jurisdiction therefore arises under FIRREA.

FIRREA sets out the powers and duties of the FDIC as a conservator or receiver. Except for some situations involving state-insured banks, the statute provides that "all suits of a civil nature at common law or in equity to which the [FDIC], in any capacity, *is a party* shall be deemed to arise under the laws of the United States." 12 U.S.C. § 1819(b)(2)(A) (emphasis added). When the FDIC is a party to the proceedings, FIRREA allows the FDIC to "remove any action, suit, or proceeding from a State court to the appropriate United States district court before the end of the 90-day period beginning on the date the action, suit, or proceeding is filed against the [FDIC] or the [FDIC] is substituted as a party." Id., § 1819(b)(2)(B).

As discussed above, the FDIC has never been a party to these proceedings. Courts have held that the FDIC's status as a receiver does not insert the FDIC as a party to an action. See, e.g., Minkner v. Washington Mutual Bank, N.A., No. C09-CV-1900-PHX-GMS, 2010 WL 376964 (D. Ariz., Jan. 25, 2010) (finding no federal jurisdiction and concluding that removal was improper where the FDIC was not a party to the action); J.E. Dunn Northwest, Inc. v. Salpare Bay, LLC, No. CIV09-1068-KI, 2009 WL 3571354 *3-4 (D. Or., Oct. 26, 2009) (same). Indeed, in one of defendants' cited cases, the Sixth Circuit held that the federal district court lacked subject matter jurisdiction over an action where the FDIC was not yet a party when it initially sought removal. See Village of Oakwood v. State Bank & Trust Co., 539 F.3d 373, 375 (6th Cir. 2008); see also Village of Oakwood v. State Bank & Trust Co., 481 F.3d 364 (6th Cir. 2007).

Defendants nonetheless maintain that FIRREA completely preempts plaintiffs' state law claims. "Preempted state law claims may be removed to federal court only in the rare instances where Congress has chosen to regulate the entire field." Arco Environmental Remediation, LLC, 213 F.3d at 1114. "Complete preemption, however, arises only in 'extraordinary' situations. The test is whether Congress clearly manifested an intent to convert state law claims into federal question claims." Ansley v. Ameriquest Mortgage Co., 340 F.3d 858, 862 (9th Cir. 2003) (citations omitted). Thus far, the Supreme Court has identified only three federal statutes

5

that completely preempt state law claims. See Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6-7, 123 S. Ct. 2058, 156 L.Ed.2d 1 (2003). FIRREA is not one of them. Nor have defendants cited authority indicating that Congress clearly intended to convert any of plaintiffs' state law claims into federal ones. See, e.g., Henrichs v. Valley View Development, 474 F.3d 609, 615 (9th Cir. 2007) (concluding that, in an action over the assets of a failed institution, FIRREA section 1821(d)(13)(D) did not confer exclusive federal jurisdiction over plaintiffs' state law claims); Broughton-Irving v. Saphir, No. 09CV7979, 2010 WL 4810605 *4 n.1 (N.D. Ill., Nov. 18, 2010) ("To date the Supreme Court has only recognized three federal statutes that completely preempt state law actions; FIRREA is not among them."). Cf. Bolden v. KB Home, 618 F. Supp.2d 1196 (C.D. Cal. 2008) (holding that FIRREA did not completely preempt plaintiff's California unfair competition claim).

Defendants argue that FIRREA confers federal jurisdiction over plaintiffs' state law claims because the statute provides for federal review of administrative decisions issued by the FDIC. See 12 U.S.C. § 1821(d)(6). This argument, however, essentially stems from defendants' anticipated defense based on FIRREA's jurisdictional bar. That is, if the action had not been voluntarily dismissed, defendants say that they would have moved to dismiss for lack of subject matter jurisdiction because plaintiffs reportedly were obliged, but failed, to comply with FIRREA's administrative exhaustion requirements. As discussed above, however, plaintiffs did voluntarily dismiss this action. Thus, the question whether they were required to exhaust their claims is now moot. Even if it were not, this court is unconvinced that the issue of plaintiffs' compliance with FIRREA's exhaustion requirement presents a substantial federal question. See, e.g., Village of Oakwood, 481 F.3d at 369 (expressing skepticism whether plaintiffs' claims would survive FIRREA's jurisdictional bar, but nonetheless finding no federal jurisdiction and remanding the case to state court where the FDIC sought removal before it was added as a party to the proceedings); Broughton-Irving, 2010 WL 4810605 at *4 ("Even though FIRREA in all probability prevents Plaintiffs from raising their claims, that fact cannot alone suffice to support federal subject matter jurisdiction."). And, in any event, a matter "'may not be removed to federal court on the basis of a federal defense, . . . even if the defense is

anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case.'" Arco Environmental Remediation, LLC, 213 F.3d at 1113 (quoting Franchise Tax Bd. of California v. Construction Laborers Vacation Trust for S. California, 463 U.S. 1, 14, 103 S. Ct. 2841, 77 L.Ed.2d 420 (1983)).

Accordingly, this court finds that this matter improvidently was removed from the state court and that plaintiffs are not required to reimburse defendants the $350.00 filing fee incurred upon removal. 28 U.S.C. § 1447©. The court does not reach BankUnited's motion for an award of its attorney's fees. This matter is remanded to the Superior Court for the County of Santa Clara.

SO ORDERED.

Dated: September 26, 2011

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

5:10-cv-04356-HRL Notice has been electronically mailed to:

Christopher Michael Salaysay    salaysaylaw@aol.com

Cris A Klingerman    cklingerman@rewlaw.com

Harold Louis Collins    hcollins@rewlaw.com

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.

5:10-cv-04356-HRL Notice has mailed to:

Irma Carranza
2830 Vista del Valle
Morgan Hill, CA 95037

Rosendo Carranza
2830 Vista del Valle
Morgan Hill, CA 95037

      Pro Se Plaintiffs